UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
SAN ANGELO DIVISION

RAUL DANIEL LIMONTA CHACON,

                Petitioner,

v.

WARDEN, EDEN DETENTION
CENTER,

                Respondent.

No.  6:26-CV-00134-H

## ORDER

Amanda Roger Filgueira, a third-party, non-lawyer individual, filed an emergency motion for temporary restraining order (TRO) and preliminary injunction on behalf of the petitioner.  Dkt. No. 4.  She requests that the Court order expedited briefing on Petitioner's petition and prevent his removal or transfer while the petition remains pending.  *Id.*  She filed the motion using the Court's emergency email.

Petitioner filed this habeas action pro se.  *See* Dkt. No. 1.  Filgueira explains that she is Petitioner's wife, and she purports to act as his next friend, but she but does not assert that he is incapable of acting on his own behalf.  Petitioner did not sign the motion.

The Court must deny Filgueira's motion because she has not shown that she is entitled to participate in this action as Petitioner's next friend, so she lacks standing to request relief on his behalf.

**1.     Legal Authority**

Non-attorney individuals may not use the next-friend device as a pretense for the unauthorized practice of law.  *Weber v. Garza*, 570 F.2d 511, 513 (5th Cir. 1978).  And detainees are not entitled to legal representation by a lay person.  *Bonacci v. Kindt*, 868 F.2d 1442, 1443 (5th Cir. 1989).

The federal habeas statutes provide a limited avenue for next-friend standing, but it is "by no means granted automatically to whomever seeks to pursue an action on behalf of another." *Whitmore v. Arkansas*, 495 U.S. 149, 163 (1990) (discussing 28 U.S.C. § 2242). The burden is on the purported next friend to justify his or her participation in the action. *Id.* at 164. And courts consistently require evidence of "at least two firmly rooted prerequisites"—(1) an adequate explanation for why the real party in interest cannot appear on his or her own behalf, such as inaccessibility, mental incompetence, or other disability, and (2) true dedication to the best interests of the real party in interest, which may require a "significant relationship" between the purported next friend and the subject of the petition. *Id.*

Additionally, the Court notes that in narrow circumstances, "jailhouse lawyers" are permitted to help fellow prisoners file habeas petitions. *Johnson v. Avery*, 393 U.S. 483, 484 (1969); *Thomas v. Estelle*, 603 F.2d 488, 489 (5th Cir. 1979). But jailhouse lawyers are *not* actually lawyers, and they are not afforded special privileges like attorney-client privilege. *Bonacci*, 868 F.2d at 1443. Moreover, the rights of access-to-courts and assistance from a jailhouse lawyer belong solely to the person in need of legal services, not to the jailhouse lawyer. *See Tighe v. Wall*, 100 F.3d 41, 43 (5th Cir. 1996). Finally, a jailhouse lawyer cannot bring a claim on behalf of another inmate who is capable of bringing such a claim in his own name. *See Johnson*, 393 U.S. at 490.

2.    **Analysis and Conclusion**

Here, Filgueira is not a lawyer—or even a jailhouse lawyer—and she has no authority to file legal claims on behalf of other individuals. She has not demonstrated that the petitioner is incapable of appearing on his own behalf. She does not assert that he is incompetent or suffers from any other disability or incapacity. Moreover, she provided no evidence to support such a conclusion. And the Court notes that Petitioner clearly articulated his grounds for relief in his

pro se petition. Dkt. No. 1. So, any assertion that Petitioner's detention prevents him from effectively representing himself is belied by the record.

And although the Court trusts that Filgueira is attempting to act in the best interests of the petitioner, she has not demonstrated that she is entitled to next-friend status. *See, e.g., State of Texas v. Prek on behalf of Prek*, No. 4:17-CV-865-O, 2017 WL 6766187, at *1 (N.D. Tex. Oct. 30, 2017) (finding that a wife who sought to proceed as next friend on behalf of her husband did not meet her burden for next friend status when the wife did not provide any documentary evidence of her husband's alleged mental and physical disabilities); *United States v. Barrandey*, MO:11-CR-00048(2)-RAJ, 2015 WL 13387868, at *5 (W.D. Tex. May 6, 2015) (explaining that "[c]ourts in this circuit have uniformly denied next friend status to friends and family members of incarcerated persons whenever the prospective next friends have failed to produce evidence clearly demonstrating the prisoners' incompetence" and finding that "where, as here, a prospective next friend does not even allege that the prisoner in question is incompetent, the prospective next friend has clearly failed to meet his burden under *Whitmore*") (citing authorities); *Romanov on behalf of Romanova v. Frink*, No. CV H-25-3133, 2025 WL 2162290, at *3 (S.D. Tex. July 30, 2025) (finding that a son could not file a habeas petition as next friend of his mother, who was detained by immigration authorities, absent supporting evidence of her incapacity).

Additionally, the requirements of Federal Rule of Civil Procedure 11, related to signing pleadings and making representations to the Court, apply here. And public access is limited in proceedings like this one that relate to immigration detention. Fed. R. Civ. P. 5.2(c). The petitioner did not sign the emergency motion, nor is there any suggestion that he is aware of it or consented to it. Simply put, Filgueira has not demonstrated that she is entitled to seek relief on behalf of the petitioner, nor does she have a right to remotely access information about this

proceeding.[1]  Thus, the emergency motion for temporary restraining order and preliminary injunction, Dkt. No. 4, is denied.

The Clerk is directed to mail a copy of this order to Filgueira at the address she provided in her declaration.  But she will not receive any further notice of the proceedings here.

Dated April 9, 2026.

James Wesley Hendrix
United States District Judge

---

[1]Filgueira filed the motion through the Court's emergency email system, which is not a substitute for electronic filing.  But in any event, electronic access for non-lawyer individuals is prohibited in this type of case.  Filgueira lives in Fort Worth, Texas, more than 200 miles from the Courthouse in San Angelo. So even if Filgueira could legally represent the petitioner—which she cannot—from a practical perspective it would be difficult for her to prosecute this case.