UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
SAN ANGELO DIVISION

RAUL DANIEL LIMONTA
CHACON,

                    Petitioner,

v.

WARDEN, EDEN DETENTION
CENTER,

                    Respondent.

No.  6:26-CV-00134-H

## ORDER

Petitioner Raul Daniel Limonta Chacon filed a second, pro se petition for a writ of habeas corpus under 28 U.S.C. § 2241 after the Court denied his first, counseled petition. Dkt. No. 1; *see also Limonta Chacon v. Valdez*, No. 6:26-cv-00043.  He acknowledges the denial of his first petition but insists that "[t]his petition is different." Dkt. No. 1 at 3.  He asserts that he raises new constitutional and statutory claims that are not foreclosed by the Court's prior order and that his circumstances have materially changed because of his prolonged detention.  *Id.* at 5.  Specifically, he contends that his first petition "primarily raised statutory claims under the Immigration and Nationality Act, which the Court found foreclosed by *Buenrostro-Mendez v. Bondi*, [166 F.4th 494] (5th Cir. Feb. 6, 2026)" but now he raises new procedural and substantive due process claims and a claim under the Administrative Procedure Act (APA).  And he claims that the Court previously characterized his two-month detention as "brief," but he has now been detained for more than four months.  So, he asks the Court again to order his immediate release or an individualized bond hearing.  He also filed a motion for issuance of a show cause order and for an expedited briefing schedule. Dkt. No. 6.  But as explained below, because the

petition raises claims that were raised, or could have been raised, in his first petition, the Court dismisses the petition as an abuse of the writ.

The Fifth Circuit has found that a Section 2241 petition should be dismissed as an abuse of the writ in two circumstances. *Beras v. Johnson*, 978 F.3d 246, 252 (5th Cir. 2020). "First, 'a petitioner can abuse the writ by raising a claim in a subsequent petition that he could have raised in his first, regardless of whether the failure to raise it earlier stemmed from a deliberate choice." *Id.* (citing *McCleskey v. Zant*, 499 U.S. 467 (1991); *see also Wong Doo v. United States*, 265 U.S. 239 (1924). "Second, it is an abuse of the writ for a [petitioner] to raise the same claim a second time. *Beras*, 978 F.3d at 252 (citing *Salinger v. Loisel*, 265 U.S. 224, 231, (1924)).

Petitioner either misrepresents or misunderstands the Court's order denying his original petition. First, he asserts that the Court left the procedural and substantive due process questions open. But he is mistaken. The Court expressly found that the Due Process Clause does not require the government to provide a bond hearing under these circumstances. *See* No. 6:26-cv-00043, Dkt. No. 5 at 5–8 (analyzing Petitioner's substantive due process claim first, then turning to his procedural due process claim). Next, Petitioner contends that the Court has not adjudicated his APA claim—that his continued detention is arbitrary and capricious in light of the agency's prior determination that he did not present a flight risk or danger to the community. But he is wrong again. The Court previously explained that Petitioner's APA claim is foreclosed by Fifth Circuit precedent and noted that, in any event, the APA does not provide for judicial review of a Section 1226 claim. *Id.* at 8, n.4. Finally, Petitioner asserts that the Court "characterized [his two-month detention] as "brief," but his circumstances have materially changed now that he has been detained nearly five months. Dkt. No. 1 at 5–6; *see also* Dkt. No. 6 (stating that the Court

2

"denied the due process claim solely because, at that time, Petitioner's detention was 'brief'"). But the Court made no such characterization. Instead, the Court explained that "the Government may constitutionally detain deportable aliens during the limited period necessary for their removal proceedings." No. 6:26-cv-00043, Dkt. No. 5 at 6 (quoting *Demore v. Kim*, 538 U.S. 510, 526 (2003)). There, the "limited period" refers to the posture of his immigration proceedings, not to Petitioner's specific period of confinement. Petitioner's second petition makes clear that he remains mandatorily detained pending removal proceedings; thus, his circumstances have not materially changed. And although Petitioner now contends that his immigration proceedings have been paused indefinitely, he also acknowledges that his next hearing is scheduled for May 27, 2026.[1]

Because the Court previously addressed and rejected Petitioner's procedural and substantive due process claims and his APA claim, the Court dismisses this petition as an abuse of the writ. The motion for issuance of a show cause order and an expedited briefing schedule is denied as moot. Any other pending motions are denied.

The Court will enter judgment accordingly.

Dated April ⎮⎮6, 2026.

＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿

JAMES WESLEY HENDRIX
United States District Judge

---

[1] The publicly available information maintained by the Executive Office of Immigration Review confirms this. *See* https://acis.eoir.justice.gov/en/caseInformation (last visited Apr. 13, 2026).